IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PHILLIP DANIEL SIMS,<br><br>   Petitioner,<br>vs.<br><br>DORA B. SCHRIRO, et al.,<br><br>   Respondents. | No. CV 04-1145-PCT-SMM (HCE)<br><br>**REPORT AND RECOMMENDATION** |

  Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to Title 28, U.S.C. § 2254 (hereinafter "Petition"). (Doc. No. 1)  Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Nancy Fiora for a Report and Recommendation.  On January 12, 2006, this matter was referred to the undersigned Magistrate Judge in light of Magistrate Judge Fiora's retirement.

  For the following reasons, the Magistrate Judge recommends that the District Court dismiss the Petition.

**I.**  **FACTUAL AND PROCEDURAL BACKGROUND**

  **A.**  **Guilty Plea**

  Petitioner was indicted on December 21, 1989, by the Grand Jurors of Yavapai County, Arizona, for one count of Molestation of a Child under fifteen years of age in Yavapai County Superior Court Case No. 14345 (hereinafter "Yavapai County Case No. 14345"). (Answer, Ex. A) On April 23, 1990, Petitioner entered a guilty plea to the charge of Attempted Child Molestation, a dangerous offense and a class three second degree felony against a child, and the charge in the indictment was dismissed. (Id., Ex. B, C, D)  The plea agreement stipulated to placement of Petitioner on lifetime probation.  (Id., Ex. B, D)  The agreement was

contingent upon Petitioner pleading guilty to the crime of Attempted Child Molestation then pending in Maricopa County Superior Court Case No. CR 89-11297 (hereinafter "Maricopa County Case No. CR 89-11297). (Id., Ex. B, C, D)

On May 25, 1990, Petitioner was sentenced in Maricopa County Case No. CR 89-11297 to a mitigated, nine year prison term. (Id., Ex. D) On June 4, 1990, the Yavapai County trial court, in Yavapai County Case No. 14345, sentenced Petitioner to lifetime probation commencing that date. (Id., Ex. E) Petitioner was ordered transported that same date to the Arizona Department of Corrections (hereinafter "ADOC") to begin serving his sentence in Maricopa County Case No. CR 89-11297. (Id.)

### B.     Civil Commitment Proceedings

Prior to Petitioner's release in Maricopa Case No. CR 89-11297, the State petitioned for a determination of whether Petitioner was a "sexually violent person" under Arizona's sexual predator statutes pursuant to A.R.S. §§ 36-3706 and 36-3707. (Id., Ex. F.) Petitioner waived his right to a jury trial and on March 10, 2000, the Maricopa County trial court found beyond a reasonable doubt that Petitioner was a "sexually violent person" as defined by A.R.S. § 36-3701(7), and committed Petitioner to the custody of the Arizona Community Protection and Treatment Center (hereinafter "ACPTC") under the supervision of the superintendent of the Arizona State Hospital (hereinafter "ASH"). (Id., Ex. F) Petitioner was ordered held until such time as his mental disorder had "so changed that [he] would not be a threat to public safety if [he were] conditionally released to a less restrictive alternative or until [he was] unconditionally discharged." (Id.) The trial court further ordered, pursuant to stipulation, the transfer of Petitioner's lifetime probation to Maricopa County and ordered ACPTC to perform an Evaluation for Conditional Release to a Less Restrictive Alternative. (Id.)

### C.     Revocation of Probation

On February 8, 2001, the State petitioned to revoke Petitioner's probation in Yavapai County Case No. 14345. (Id., Ex. G) The State alleged that the Petitioner violated his

probation by possessing a large number of sexually explicit drawings of young boys engaged in a variety of sexual activities. (Id.) Petitioner admitted the allegation and, pursuant to Petitioner's request, he was returned to ASH pending disposition. (Id., Ex. I) At the disposition hearing held on October 10, 2001, Petitioner's counsel requested that Petitioner's probation be continued and he be permitted to remain at ASH, where testimony by experts revealed that a secure, lockdown facility for sexual offenders was available. (Id., Ex. I, p. 30-33.) The trial court revoked Petitioner's probation and sentenced him to the ADOC for a 12-year prison term, with credit for 191 days presentence incarceration and eligibility for release upon serving one-half of the sentence. (Id., Ex. J)

### D. First Petition for Post-Conviction Relief

On October 22, 2001, Petitioner filed a *pro se* notice of post-conviction relief in Yavapai County Case No. 14345, pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Id., Ex. K) Appointed counsel filed a "Supplement to Defendant-Petitioner's Notice of Post-Conviction Relief and Motion to Withdraw and Motion for Leave to Allow Supplemental Pro Se Memorandum" pursuant to *Anders v. California*, 386 U.S. 738 (1967). (Id., Ex. M) Therein, counsel stated he had reviewed the entire Yavapai County Superior Court file and transcripts prepared for purposes of the Rule 32 proceeding, and he was unable to find any claims for relief. (Id.) Counsel requested leave to withdraw and an extension of time to allow Petitioner to file a *pro se* petition. (Id.) The trial court allowed Petitioner to proceed *pro se* and extended the time for filing. (Id., Ex. N)

On April 2, 2002, Petitioner filed a *pro se* Petition for Post-Conviction Relief (hereinafter "First PCR Petition") in Yavapai County Case No. 14345 raising the following claims:

1. Why, after being told the petitioner's probation would not be violated by the petitioner's Probation Officer, did Yavapai County – 5 months [sic] later – violate the petitioner's probation?

2. Why did the petitioner's Public Defender not call the witnesses the petitioner asked him to call?

    3.    Why did the Petitioner's Public Defender not speak with Dr. Noggle beforehand to see if she had reviewed my case?

    4.    Why did the petitioner's Public Defender not involve the Maricopa County Civil Court in this hearing?

    5.    How does putting the petitioner in the Arizona Department of Corrections make him less of a threat to society when he has an 'incurable' mental disorder?

    6.    The agency which searched the petitioner's room was not the Probation Department and the search was carried out without a warrant. The petitioner was punished by the Arizona Community Protection and Treatment Center for his possession of contraband. Why the double jeopardy?

    7.    The petitioner did not have his rights read to him until six months after the violation. When the petitioner was arrested, the hospital gave them information gathered prior to those rights being read. Why was the petitioner not advised of his rights when the drawings were discovered?

(Id., Ex. O, pp.7-8)

On June 12, 2002, the Yavapai County Superior Court issued an order addressing each of Petitioner's claims asserted in his petition and finding that "[n]one of the defendant's claims present material issues of law or fact which would entitle him to relief under this rule. No purpose will be served by further proceedings in this matter." (Id., Ex. P) The trial court dismissed the petition. (Id.) Respondents assert that no petition for review was sought of the dismissal. (Answer, p. 4) This assertion is consistent with Petitioner's declaration. *See* Petition, p.2., § C.1. (Doc. No. 1)

### E.   Second Petition for Post-Conviction Relief

On November 5, 2002, Petitioner filed a Second Petition for Post-Conviction Relief (hereinafter "Second PCR Petition") in Yavapai County Case No. 14345 raising the following two claims:

    1.    The concurrent nature of the petitioner's probation with his prison sentence created double jeopardy for the petitioner when he received no credit for the time spent in confinement while in prison.

      2.      As the Court recognized ACPTC as jail for the purposes of confinement while awaiting sentencing in October of 2001, the lack of credit while in total confinement at ACPTC from May 25, 1999 until the petitioner was arrested on February 27, 2001 also constitutes double jeopardy.

(Answer, Ex. Q, p.3)

On April 28, 2003, the trial court dismissed the petition because it was "untimely," the "issues raised therein precluded," and it did "not constitute a colorable claim for relief." (Id., Ex. R)

### F. Petition for Review

On May 9, 2003, Petitioner filed a Notice of Petition for Review of the April 28, 2003 order dismissing his Second PCR Petition. (Id., Ex. S) On December 29, 2003, Petitioner filed a Supplement to Petition for Review[1] in the Arizona Court of Appeals. (Id., Ex. T) Petitioner raised the following claims and arguments:

      1.      Ineffective assistance of counsel for a) advising Petitioner to sign the "special conditions" (by attorney Mark Kennedy); b) failing to contact Petitioner at all (by attorney Mr. Wilson); and c) not raising the issues addressed (by attorney Mr. Grandjean).

      2.      Violation of double jeopardy for failing to give credit for time served prior to revocation of probation.

---

[1]Within the Supplement to Petition for Review, Petitioner offers "information in support of the Petition for Review filed in this Court on May 19, 2003." (Answer, Ex. T) Respondents contend that the only other pleading that could be construed as a "petition for review" was the "notice of petition for review" that Petitioner filed in Yavapai County Superior Court on May 9, 2003, and that that pleading consists of only one paragraph. (*See* Answer, p.5 n.1 & Ex. S) Although Petitioner did include other pleadings in his Reply to Respondents' Answer, he did not reply to Respondents' contentions with an exhibit of a petition for review which would include pages for which the supplemental references would make sense. Further, Petitioner indicated in the form portion of his federal Petition for Writ of Habeas Corpus regarding procedural history that his petition for review of the dismissal of his Second PCR Petition was filed on May 9, 2003. (Petition, p. 3) Accordingly, absent any evidence or argument to the contrary, Petitioner's "Supplement to Petition for Review" was filed in support of the May 9, 2003 "Notice" of petition for review, and serves as the only "Petition for Review' filed in the Arizona Court of Appeals in Yavapai County Case No. 14345 for purposes of this Court's review.

    3.    The "issue of untimeliness" regarding the court's delay in providing for the speedy disposition of all matters not decided within 60 days.

    4.    Support for Petitioner's contention that he be returned to ACPTC pursuant to federal law.

    5.    An argument in support of the presumption of the reliableness of the pre-sentence report.

    6.    An argument that Petitioner was under the jurisdiction of Maricopa County.

(Id., Ex. T)

The Petition for Review was summarily denied on May 26, 2004. (Answer, Ex. U)

### G.    Motion to Return Petitioner to ACPTC

Petitioner filed a motion on September 25, 2003, in the Arizona Court of Appeals, requesting that the court return him to ACPTC pending the outcome of the appeals process. (Answer, Ex. V) The Court of Appeals denied his request on October 1, 2003, and thereafter, Petitioner filed another motion, (Id., Ex. X) an appeal, (Id., Ex. Z, AA), a petition for review, (Id., Ex. CC, DD) and a petition for special action (Id., Ex. GG): all essentially requesting return to ACPTC. All requests were denied. (See Id., Ex. Y, BB, EE, FF, HH)

### H.    Federal Habeas Petition

Petitioner filed the present Petition for Writ of Habeas Corpus on June 3, 2004. Therein, Petitioner raises the following four grounds for relief:

    1.    His sentence violates the "US Constitution 5th Amendment – nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb" since "I was on Probation beginning in 1990, and probation is a sentence, not a suspension of sentence, I should have recieved [sic] credit for the time I had been on Probation since 1990. I did not. I have now done 14 years on a 12 year sentence and am being punished twice for the same offense."

    2.    His sentence violates the "US 6th Amendment – . . . Effective Assistance of Counsel," given that both of his attorneys, James Grandjean and David Wilson, rendered ineffective assistance of counsel because they should have known about the Double Jeopardy issue beginning in 1990, not 2001. Additionally, counsel Mark Kennedy was ineffective because he "prejudiced

>
> me to sign these new conditions without fully informing me of the facts."

3. Yavapai County violated the "US 8th Amendment" which "prohibits infliction of cruel and unusual punishment upon person convicted of a crime" by removing him from the therapeutic environment of ACPTC.

4. The failure to return Petitioner to ACPTC violated the "U.S. Constitution Amendment 14 Sec. 1 'No State shall make or enforce any law which shall abridge the priveleges [sic] or immunities of citizens of the United States; nor shall any State ... deny to any person within its jurisdiction the equal protection of the laws." Additionally, Petitioner's lack of access to case law and a law library to give his claim "color" also denied him "equal protection under the law."

(Petition, pp. 5-8) Respondents filed an answer to the Petition on November 8, 2004, with exhibits A through HH attached. (Doc. Nos. 13, 14) Petitioner submitted a reply on November 17, 2004 with exhibits A through F attached. (Doc. No. 17)

## II.    DISCUSSION

### A.    Standard of Review

The writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The District Courts's standard of review is that:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### B.    Exhaustion

An application for writ of habeas corpus shall not be granted unless the applicant has exhausted the remedies available in the state courts, there is an absence of available state

corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. § 2254(b)(1).  To properly exhaust state remedies, the petitioner must "fairly present" his claims to the state courts in a procedurally appropriate manner.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  Specifically, exhaustion requires that a petitioner either fairly present his claims to the Arizona Court of Appeals, *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999), or show that no state remedies remain available. *Kellotat v. Cupp*, 719 F.2d 1027, 1029 (9th Cir. 1982) (*citing Batchelor v. Cupp*, 693 F.2d 859, 862 (9th cir. 1982)).  This requirement of exhaustion is designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.  *Picard v. Connor*, 404 U.S. 270, 275 (1971).

To meet the exhaustion requirement, a petitioner must fairly present the federal claims to the state court, i.e, petitioner is required to present the state courts with the same claim he urges upon the federal courts.  *Id*. at 275-276.  A claim is "fairly presented" if the petitioner has described the operative facts and legal theories on which his claim is based.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard*, 404 U.S. at 275.  Further, a state court must be alerted to the fact that a petitioner is asserting a claim under the United States Constitution.  *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).  It is not enough to present the state court with only the facts necessary to state a claim for relief, nor to make a general appeal to a constitutional guarantee as broad as due process.  *Gray v. Netherland*, 518 U.S. 152, 163 (1996).  Mere similarity between claims of state and federal error are also insufficient to establish exhaustion.  *Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir. 2000) (citing *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999)).

A claim may be exhausted if the state's highest court expressly addresses the claim, whether or not it was fairly presented.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).

### C.     Procedural Default

In some instances a habeas claim can be technically exhausted even though the state court did  not address the merits.  This situation is referred to as "procedural bar" or

"procedural default."  The claims may be procedurally barred in either of two ways:  by showing that a state court found a claim defaulted on procedural grounds, or, if the claim was never presented in any forum, by showing that no state remedies remain available to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 729-30, 735 (1991).  The Ninth Circuit has explained the distinction between exhaustion and procedural default as follows:

> The exhaustion requirement is distinct from the procedural default rule.  The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred.  Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default...A habeas petitioner who has defaulted his federal claims in state court meets the *technical* (emphasis added) requirements for exhaustion; there are no state remedies any longer 'available' to him.

*Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005) (internal quotation marks and citations omitted).  The procedural bar which gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the claim unless the petitioner can demonstrate cause and prejudice for failing to raise the claims in earlier proceedings. *Gray*, 518 U.S. at 162 (citations omitted); *see also Cassett,* 406 F.3d. at 621 n.5 ("A federal claim that is defaulted in state court pursuant to an adequate and independent procedural bar may not be considered in federal court unless the petitioner demonstrates cause and prejudice for the default, or shows that a fundamental miscarriage of justice would result if the federal court refused to consider the claim.")

If a claim has never been presented to the state court, a federal habeas court may determine whether state remedies remain available.[2]  *See Harris v. Reed*, 489 U.S. 255, 269-

---

[2]Although the Ninth Circuit has recently suggested that under Ariz.R.Crim.P. 32.2(a)(3), there are exceptions to the rule that a District Court can make such a determination for claims which require a knowing, voluntary, and intelligent waiver, *see*

70 (1989); *Franklin v. Johnson,* 290 F.3d 1223, 1231 (9th Cir. 2002). In Arizona, such a determination involves consideration of Rule 32 *et seq.* of the Arizona Rules of Criminal Procedure governing post-conviction relief proceedings. Specifically, Rule 32.1 governs when a petitioner may seek relief in post-conviction proceedings based on federal constitutional challenges to convictions or sentences. *See* Ariz.R.Crim.P. 32.1(a). Under Rule 32.2, relief is barred on any claim that could have been raised in a prior Rule 32 petition for post-conviction relief, with the exception of certain claims[3] which were justifiably omitted from a prior petition. Ariz.R.Crim.P. 32.2(a)(3). Additionally, Rule 32.4(a) requires that a petition for post-conviction relief must be filed within 90 days of the entry of judgment and sentence or 30 days after the issuance of the order and mandate in the direct appeal, whichever is later. Ariz.R.Crim.P. 32.4(a).[4]

If a petitioner is barred from returning to state court to present his federal claims, then his claims are procedurally barred from federal review. The procedural bar provides an independent and adequate state-law ground for the conviction and sentence and thus, prevents federal habeas corpus review unless the petitioner can demonstrate cause and prejudice for failing to raise the claim in the state proceedings. *See e.g. Stewart v. Smith*, 536 U.S. 856,

---

*Cassett*, 406 F.3d 614, this Court does not address such waiver because it has not been affirmatively raised in this case by Petitioner. *See Beaty v. Stewart*, 303 F.3d 975, 987 & n.5 (9th Cir. 2002).

[3]Such claims include: (1) that the petitioner is being held in custody after his sentence has expired; (2) certain circumstances where newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence; (3) the petitioner's failure to file a timely notice of post-conviction relief was without fault on his part; (4) there has been a significant change in the law that would probably overturn petitioner's conviction if applied to his case; and (5) the petitioner demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found petitioner guilty beyond a reasonable doubt. Ariz.R.Crim.P. 32.2(b) (citing Ariz.R.Crim.P. 32.1(d)-(h)).

[4]Like Rule 32.1(a)(3), Rule 32.4(a) is also subject to the exceptions set out at Ariz.R.Crim.P. 32.1(d)-(h).

(holding that Rule 32.2(a) is an adequate and independent procedural bar); *Franklin,* 290 F.3d. at 1231("[W]hen a petitioner's claims are procedurally barred and a petitioner cannot show cause and prejudice for the default...the district court dismisses the petition because the petitioner has no further recourse in state court.")

However, a procedural default does not bar consideration of a federal claim unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris,* 489 U.S. at 263 (citation omitted). In cases where the last state court order did not disclose the reason for its judgment but "the last reasoned opinion on the claim explicitly imposes a procedural default, [the courts are to] presume that [the] later decision rejecting the claim did not silently disregard that bar and consider the merits." *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991).

### D.     Cause and Prejudice

A petitioner may be relieved from a procedural default on a showing of cause and prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977).  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Id*. To establish prejudice, a prisoner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). Where petitioner fails to establish cause, the court need not reach the prejudice prong.  To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

### E.     REVIEW OF PETITIONER'S CLAIMS

#### 1.     Ground One

Petitioner argues that because probation is a sentence, he should have received credit for the entire time he was on probation, beginning in 1990, and not just the time between his initial appearance on his violation of probation and sentencing (during which time he was at ACPTC). (Petition, p. 5) Thus, according to Petitioner's calculation, at the time he filed his federal habeas petition in June, 2004, he had already served 14 years of his 12-year sentence, and was being "punished twice for the same offense." (Id.) Additionally, Petitioner argues that the same victim was involved in two separate incidents, and instead of trying both cases in one county, he was tried in Maricopa and Yavapai counties, giving rise to "sovereignty issues" not considered when he was civilly committed. (Id.)

Respondents argue that Petitioner is not entitled to federal habeas relief on the argument raised in Ground One of the Petition because the state court dismissed this claim on independent and adequate state law procedural grounds.

To the extent that Petitioner's Second PCR Petition can be construed as raising the same double jeopardy argument he raises now, Respondents are correct. The trial court dismissed Petitioner's Second PCR Petition because it was "untimely", "precluded", and did "not constitute a colorable claim for relief." (Answer, Ex. R) The appellate court summarily denied the petition for review. (Answer, Ex. T) Thus, to the extent that Petitioner fully exhausted this claim, the appellate court found the double jeopardy claim untimely and precluded. *See Bennett v. Mueller*, 322 F.3d 573 (9th Cir. 2003)(A state court's application of a procedural rule is not undermined where the state court simultaneously rejects the merits of the claim); *accord Harris*, 489 U.S. at 265, n.10 . This Court may not review a question of federal law decided by a state court if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment. See *Coleman*, 501 U.S. at 728. Preclusionary findings by the state court pursuant to Rule 32.2(a)(3) are independent of federal law and adequate to warrant preclusion of federal

review.  *Stewart*, 536 U.S. 856.  Consequently, the state appellate court's decision denying Petitioner's  petition for review bars federal habeas review absent a demonstration of cause and prejudice, or a showing that failure to consider the claim would result in a fundamental miscarriage of justice.  *Coleman,* 501 U.S. at 750.

Additionally, the double jeopardy argument raised in Petitioner's Second PCR Petition was not identical to that which Petitioner raised in his petition for review and which Petitioner now raises in his instant federal habeas Petition.  Nonetheless, the end result is the same because the claim is procedurally defaulted.  In his Second PCR Petition, Petitioner argued that "[t]he concurrent nature of the petitioner's probation with his prison sentence created double jeopardy for the petitioner when he recieved [sic] no credit for the time spent in confinement while in prison. ... Had the petitioner been sentenced to 12 years in prison concurrent with the 9 year prison sentence in Maricopa County, the petitioner would have completed his sentence by this time."  (Answer, Ex.Q)

When Petitioner filed his Supplement to Petition for Review with the state appellate court, however, he changed his argument to that raised in the federal habeas Petition – i.e., that probation is "a sentence in its own right rather than a suspension of a sentence" pursuant to federal law, and that Petitioner should be given full credit for time served on probation when he was sentenced to prison after revocation in order to avoid a double jeopardy violation.  (Answer, Ex.T, pp.3-4)

This distinction, although minor,  matters only in the manner in which Petitioner procedurally defaulted this claim.  Having raised this claim for the first time to the appellate court, he did not properly exhaust the double jeopardy claim he wishes to raise in the instant federal habeas proceeding.  *See Casey v. Moore*, 386 F.3d 896, 916-18 (9th Cir. 2004) (holding that a state prisoner had not exhausted his claims by presenting them for the first and only time in a petition for discretionary review with the state's highest court); *accord Castille*, 489 U.S. at 351.  Likewise, Petitioner's "sovereignty" argument, raised for the first time in his Supplement to Petition for Review, (Answer, Ex. T), has been defaulted in the same manner.

The state courts have never had an opportunity to address the legal theories presented in Ground One of Petitioner's federal habeas Petition in a procedurally appropriate manner. Further, Petitioner is barred from returning to state court to raise this claim. *See* Ariz.R.Crim.P. 32.2(a)(3) and 32.4(a). Nor does Petitioner fall within the narrow exceptions to the procedural bar rule. *See* Ariz.R.Crim.P. 32.1(d)-(h).

Accordingly, federal habeas review of Ground One is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Carrier*, 477 U.S. at 488. Although Petitioner does not directly address the issue, he asserts that he is "without assistance of legal counsel" and "ignorant of the rules and red tape" which are confusing to him because of "his lack of education in the law." (Petitioner's Reply, p. 17) He also argues that ADOC provides only a "paralegal who will check that forms are filled out properly, but gives no legal advice or even advice about legal 'procedures.'" (Id.) Petitioner also states that ADOC has no law library access for inmates, and that he has no "access to case law to give his claim 'color.'" (Petition, p. 8)

Petitioner has not established cause for his procedural default.[5] Petitioner's status as an inmate and lack of legal knowledge do not constitute cause for his failure to present any of his grounds for relief to the Arizona courts. *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir.1986)(finding that an illiterate pro se petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir.1988)(finding that petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not constitute cause.)

Nor has Petitioner satisfied the "fundamental miscarriage of justice" standard. Thus, Petitioner has failed to demonstrate cause and prejudice for this procedural default. Accordingly, federal habeas review is precluded as a matter of law as to his Petitioner's first

---

[5]This finding applies to all the Grounds asserted in the Petition, although the Court will discuss the finding in detail only in this section.

ground for relief.

### 2.     Ground Two

Petitioner argues that his counsel, James Grandjean and David Wilson, were ineffective because they both "should have known about the Double Jeopardy issue in regards to [his] sentence beginning in 1990, not 2001." (Petition, p. 6)  Petitioner also alleges that counsel Wilson failed to communicate with him and to raise "obvious and significant issues." (Id.) Additionally, Petitioner argues that Mark Kennedy, his attorney for purposes of his civil commitment, "prejudiced [him] to sign" the new conditions of probation in 2000, without fully informing him of the facts.  (Id.)

Respondents assert that Petitioner is not entitled to federal habeas relief on the claim presented in Ground Two because Petitioner never raised this claim in a petition for post-conviction relief.  Instead, he raised the claim for the first and only time before the state appellate court which does not constitute fair presentation.

Although Petitioner, in his First PCR Petition questioned various counsels' conduct, he failed to fully exhaust any of the claims raised in that First PCR Petition because he did not seek appellate court for review of the trial court's dismissal order.  *See Rose v. Lundy*, 455 U.S. 509, 519 (1982), *superseded by statute on other grounds,* (stating that a petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254); *Swoopes*, 196 F.3d at 1010 (stating that claim must be presented to the Arizona Court of Appeals in post-conviction proceedings in order to be exhausted).

Petitioner did not raise any ineffective assistance of counsel claims in his Second PCR Petition. (Answer, Ex. Q) That petition was dismissed as untimely, precluded, and for failing to raise a colorable claim.  (Id., Ex. R)  Petitioner filed a petition for review to the court of appeals, where, for the first time (in a supplement to his petition for review), he presented the ineffective assistance of counsel to the state court.  (Id., Ex. T)

Consequently, the state courts have never had an opportunity to address the legal theories presented in Ground Two of Petitioner's federal habeas Petition in a procedurally appropriate manner.  *See Casey,* 386 F.3d at 916-18; *accord Castille*, 489 U.S. at  351. Further, that claim is now procedurally barred because Arizona Rules of Criminal Procedure, Rules 32.2(a)(3) and 32.4(a) preclude Petitioner from returning to state court to raise this claim. Nor does Petitioner fall within the narrow exceptions to the procedural bar rule.  *See* Ariz.R.Crim.P. 32.1(d)-(h). Additionally, Petitioner has not demonstrated cause and prejudice for this procedural default.  *See supra*, pp. 14-15.

Accordingly, federal habeas review is precluded as a matter of law as to Petitioner's second ground for relief.   *See* 28 U.S.C. § 2254(b).

### **3.     Ground Three**

Petitioner argues that removal from the therapeutic environment of ACPTC constitutes cruel and unusual punishment.  Additionally, Petitioner asserts that the Yavapai County Attorney used the "unpredictability of Arizona's Sexually Violent Persons law as a reason to send [Petitioner] to prison... [i]nstead of being concerned with making the community safer..." (Petition, p.7)

Respondents argue that Petitioner failed to "fairly present" this claim to any Arizona court as a specific federal constitutional claim.

The Court has reviewed the notices and the first and second petitions for post-conviction relief filed by Petitioner in addition to Petitioner's petition for review motions. (*See* Answer, Ex. K, O, Q, S, T)  Furthermore, the Court has reviewed the content of all of Petitioner's various notices and motions to be returned to ACPTC pending the appeals process. (*See* Answer, Ex. V, X, Z, AA, CC, DD, GG)  Petitioner did not, within any of these documents, allege that removal from or failure to return him to ACPTC constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution or any other federal law.

The state courts have never had an opportunity to address the legal theories presented

in Ground Three of Petitioner's instant federal habeas Petition because he did not advance such theories in his state petitions for post-conviction relief. Hence, Petitioner failed to fairly present the federal issues raised in Ground Three to the state court. *See Duncan,* 513 U.S. at 365-366. Further, Petitioner is barred from returning to state court to raise this claim. *See* Ariz.R.Crim.P. 32.2(a)(3), 32.4(a). Nor does Petitioner fall within the narrow exceptions to the procedural bar rule. *See* Ariz.R.Crim.P. 32.1(d)-(h). Additionally, Petitioner has not demonstrated cause and prejudice for this procedural default. *See supra*, pp. 14-15.

Accordingly, federal habeas review is precluded as a matter of law as to Petitioner's third ground for relief. *See* 28 U.S.C. § 2254(b).

### 4.     Ground Four

Petitioner argues that at each step of the appeals process he requested to be returned to ACPTC pending the appeals process, and was denied in all cases "with no reason." (Petition, p.8) Additionally, Petitioner argues that he was denied "equal protection under the law as the Arizona Department of Corrections has no law library access for inmates and only a paralegal who makes sure some forms are filled out correctly." (Id.)

Respondents argue that Petitioner failed to "fairly present" this claim to any Arizona court as a specific federal constitutional claim.

Respondents are correct. Petitioner's notices, first and second petitions for post-conviction relief, petition for review motions, and various notices and motions to be returned to ACPTC pending the appeals process do not allege that Petitioner was denied equal protection under the law in violation of the Fourteenth Amendment Equal Protection Clause. (*See* Answer, Ex. K, O, Q, S, T, V, X, Z, AA, CC, DD, GG to Respondents' Answer) Consequently, the state courts have never had an opportunity to address the federal legal theories presented in Ground Four of the instant federal habeas Petition. Further, Petitioner is barred from returning to state court to raise this claim. *See* Ariz.R.Crim.P. 32.2(a)(3), 32.4(a). Nor does Petitioner fall within the narrow exceptions to the procedural bar rule. *See* Ariz.R.Crim.P. 32.1(d)-(h). Additionally, Petitioner has not demonstrated cause and prejudice

for this procedural default. *See supra*, pp. 14-15.

Accordingly, federal habeas review is precluded as a matter of law as to Petitioner's fourth ground for relief. *See* 28 U.S.C. § 2254(b).

### III.    CONCLUSION

Federal habeas review is precluded as to all of Petitioner's grounds for relief raised in the pending Petition.

### IV.    RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court, dismiss this action in its entirety.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b).  If objections are filed, the parties should use the following case number: **CV 04-1145-PHX-SMM.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 28th day of September, 2007.

_____
Héctor C. Estrada
United States Magistrate Judge